# UNITED STATES

*v.*

## ALEXANDER DICKSON.

---

San Juan, Criminal, No. 403.

### MANSLAUGHTER.

1. Federal courts have jurisdiction to try cases of manslaughter charged to have been committed upon waters within the admiralty jurisdiction of the court.
2. Manslaughter is the unlawful killing of a human being without malice, express or implied.
3. "Justifiable homicide" defined.
4. The killing of deceased by defendant in the heat of passion, with the same weapon with which deceased had just tried to kill defendant, would, under the law, be manslaughter or justifiable homicide, as the facts might warrant.

Case tried March 31, 1908.

---

*José R. F. Savage,* United States Attorney, attorney for plaintiff.

*Mr. William H. Hawkins* and *Mr. Joseph Anderson,* attorneys for defendant.

United States v. Dickson.

Instructions by RODEY, Judge:

## Statement.

The facts developed by the evidence were about as follows: Deceased was a mate of the ship, was very overbearing and irascible, had for several days exhibited violent temper toward defendant, and had "logged" him on the ship's register for very trivial delinquencies, and threatened him with bodily injury. On the day of the homicide, deceased provoked a quarrel or two with defendant, apparently without any sufficient reason therefor, and finally ordered him to do some painting on the outside of the ship, which defendant, who was a carpenter, considered was no part of his duty, and instead of obeying the order, went below to work at his carpenter's bench. A moment or two later deceased followed him below. The evidence of defendant, who was the only eyewitness, was that deceased came down the companionway, rushed to the carpenter's bench, secured an axe, and turned towards the defendant with an imprecation and the statement that he would "fix him, etc." That defendant at once grabbed hold of the axe with deceased and both struggled violently for it. That defendant, being the younger man, and having on rubber-soled shoes, finally overpowered deceased, and got the axe away from him, and struck him with it in the groin, and then, as he lay on the deck or floor, nearly decapitated him by succeeding blows with the axe. Inferences were drawn from the testimony in argument that this could not have been true, but that, instead, defendant met deceased as he was coming down the stairway, and that, before deceased's head was below the deck, so that he could see

defendant, the latter struck him in the groin with the axe and thus inflicted the mortal wound. It was in evidence by medical experts that the wound in the groin was first inflicted, and that it was fatal. This was determined from the lack of hemorrhage as a result of the wounds in the neck. There were many additional facts and circumstances, some of which may be gathered from the tenor of the court's instructions to the jury.

RODEY, Judge, omitting some of the formal parts, gave the following instructions to the jury:

The evidence in this cause all being in, and counsel having finished their arguments to you, it now becomes my duty to instruct you, as impartially as I may be capable of doing, as to what the law applicable to the case is, and what your duty in the premises is under the law. I might say here that you now have the greatest and most solemn duty connected with this case to perform; and it is assumed that, without prejudice or passion, and without fear or favor, you will proceed to do your duty as your lights give you to see the same, and in obedience to the law as given you in these instructions and the facts as you shall find them for yourselves; and that no occurrence at the trial between the court and counsel or in any other manner, not amounting to evidence in the case, will have any effect whatsoever upon you, either in your deliberations or in the returning of your verdict in the cause. Your consciences alone are burdened with the final duty of saying whether this defendant is guilty or not guilty under the proofs and the law of the case.

This is an indictment by the United States of America, charging the defendant, Alexander Dickson, with having, on the

20th day of February, A. D. 1908, in the bay of San Juan, Porto Rico, within the admiralty and maritime jurisdiction of the United States of America, and out of the jurisdiction of any particular state thereof, and within the jurisdiction of this court, in and on board of a certain vessel of the United States, to wit, the steamship Albarenda, with force and arms, unlawfully, feloniously, and wilfully made an assault upon one Walter Weichert, with an axe, or some other sharp instrument, and then and there inflicting such wounds upon him that he died. The first count in the indictment charges the defendant with inflicting these wounds with an axe, and the second count charges him with inflicting them with some sharp instrument.

You are instructed that the venue is important in this case, and that this court has no jurisdiction to try this case unless you believe, from the evidence, that the acts charged did occur at the time and place stated in the indictment, or at such place some time or date within two years next previous to the return of the indictment.

The indictment is returned under § 5341 of the Revised Statute of the United States (U. S. Comp. Stat. 1901, p. 3628), which is as follows: "Every person who, within any of the places or upon any of the waters described in section fifty-three hundred and thirty-nine, unlawfully and wilfully, but without malice, strikes, stabs, wounds, or shoots at, or otherwise injures, another, of which striking, stabbing, wounding, shooting, or other injury such other person dies, either on land or sea, within or without the United States, is guilty of the crime of manslaughter."

The punishment for manslaughter is provided for by the act of March 3, 1875, chap. 138 (18 Stat. at L. 473, U. S. Comp.

Stat. 1901, p. 3629), which reads as follows: "That whoever shall hereafter be convicted of the crime of manslaughter in any court of the United States, in any state or territory, including the District of Columbia, shall be imprisoned not exceeding ten years, and fined not exceeding one thousand dollars."

You will notice that the jury have nothing to do with the fixing of the punishment; they simply find the defendant guilty or not guilty of the crime charged, and the court itself, within the limits fixed by law, will impose the punishment or discharge the defendant, as he may be found guilty or not guilty by the jury. If he is found guilty, the court may impose any sentence it deems proper within the law, considering all the facts and circumstances of the case, but it must be both imprisonment and a fine; but the imprisonment can be from one day to ten years, and the fine can be from 1 cent to $1,000.

You are instructed that, the grand jury having, in its wisdom, returned the indictment for manslaughter only, and not for murder, therefore the government is relieved from proving that the act was committed with malice, and you cannot find the defendant guilty of any higher crime than manslaughter; but you are instructed that the fact that the grand jury did not indict for murder, but, instead, indicted for manslaughter only, is not evidence, as and of itself, that the defendant is guilty even of that crime, and you cannot so find him guilty unless the government has, on this trial, proved him to be guilty to your satisfaction as reasonable men, beyond a reasonable doubt.

You are instructed that the court has to go to the common law for a definition of manslaughter because there is no United States statute sufficiently defining it, and that it is the unlawful killing of a human being, without malice, expressed or implied.

United States v. Dickson.

A homicide is manslaughter when committed with the design to kill, under the influence of sudden and violent passion, caused by great provocation, which the law, in its tenderness to the infirmity of human nature, considers such a palliative as to rebut the presumption which would otherwise arise of malice, and make the crime murder. Under the wording of the statute as to this case, the killing must have been done unlawfully and wilfully. "Unlawfully," as here used, means without legal excuse; and "wilfully" means done wrongfully, with evil intent.

You are instructed that, under the indictment, the action of the defendant in this case is either manslaughter or justifiable homicide. To be justifiable homicide the defendant must have had good reason to believe, at the time he inflicted the wounds that caused the death, that the deceased was either about to take his life or to inflict great bodily injury upon him; and if you do not believe, beyond a reasonable doubt, that the defendant so believed or had any reasonable ground to so believe, then you should find the defendant guilty as charged in the indictment. If, on the contrary, you believe from the evidence that the defendant, at the time he inflicted the wounds which caused the death, upon the deceased, had good ground to believe that his own life was in immediate, imminent, and great danger, or that he was in danger of having inflicted upon him by the deceased great bodily injury, then you should find him not guilty, because his act would be in law justifiable homicide.

You are instructed that, while no man is obliged to submit to the wrongful infliction upon him by another of great bodily injury without resisting it if he can, still, no person can rightfully take the life of another when that other is not in a position to inflict great or grevious bodily injury upon him; and if you be-

lieve, from the evidence in this case, beyond a reasonable doubt, that this defendant took the life of the deceased at a time when the deceased was not in a position to inflict great bodily injury upon him, and that the defendant could see and know, and did see and know, that the deceased was not in a position to inflict great bodily injury upon him, then you should find the defendant guilty as charged in the indictment.

If, on the other hand, you believe from the evidence, beyond a reasonable doubt, that, in this case, the deceased made, or was about to make, an unlawful assault upon the defendant, and first got hold of a deadly weapon which they both struggled for, then, if, in the struggle, the defendant got that deadly weapon away from the deceased, and, in the heat of passion, hit him such a blow with it as that it resulted in his death, the act would be justifiable homicide, and you should acquit the defendant.

You are instructed that every defendant is presumed by law to be innocent of the crime charged against him until the government has made out a case against him that satisfies you, as reasonable men, of his guilt beyond a reasonable doubt; and this applies even though the defense is that the killing was done in self-defense. A reasonable doubt has been well defined to be a doubt of the defendant's guilt that remains in your minds as reasonable men, after a full, fair, and impartial consideration of all the facts and circumstances of the case, and not a mere possibility of the innocence of the defendant. If, after such a full, fair, and impartial consideration of all the facts and circumstances of this case, you have such an abiding doubt of the defendant's guilt, it is your duty to acquit him; and if, on the contrary, there remains no such reasonable doubt in your minds after such consideration, it is equally your duty to find the de-

United States v. Dickson.

fendant guilty as charged in the indictment. You are instructed that the defendant need not have testified in this cause without he chose to do so, under our Constitution, and, had he not testified, you could not take the fact that he remained silent against him. On the other hand, neither can you take the fact that he has chosen to testify in his own behalf against him, because his evidence is entitled to the same weight that the evidence of any other witness is, save that you may, when considering the weight to be given to his evidence or that of any other witness in the case, consider his or their manner upon the stand, and the interest which he or they may have in the result of the case, and the probability or improbability of the truth of their stories to your minds as reasonable men. Under the law, the court is the judge of what the law is in this and nearly every other case; and it is the sworn duty of the jury to take the law from the court; but, as to the facts of the case, and the weight to be given to them, the jury are the sole judges, and their own recollection of what the testimony is must be taken in preference to that stated in the arguments of counsel on either side, or any statement that the court may make of it. In considering the testimony, if you believe that any witness has wilfully sworn falsely, you may disregard the whole or any portion of such witness's evidence unless the same shall be corroborated by other facts and circumstances of the case.

You are further instructed that, no matter what the feeling of other sailors or employees of the ship in question may have been toward the deceased, that fact can have no weight in justifying or excusing the taking of the life of the deceased, save in so far as the defendant's knowledge of the deceased's temper and disposition may have justified the belief of the defendant that

United States v. Dickson.

his own life was in danger at the time he did the acts which the evidence may show you were done.

Two forms of verdict will be given you, one reading, "We, the jury, find the defendant guilty as charged in the indictment;" and the other, "We, the jury, find the defendant not guilty."

When you arrive at a verdict you will select the one of these forms that embodies it, and cause it to be signed by one of your number whom you will select as foreman for that purpose, and all of you will then call upon the marshal to bring you into court, so that you may return it. You may take to your room, where you go for your deliberations, the exhibits introduced in the case, if you choose, the indictment, and these instructions. The cause is with you.

A verdict of not guilty was returned.